IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| LANCE SILVERTOOTH | § | |
| v. | § | |
| | § | |
| DANLIN INDUSTRIES CORPORATION | § | Case No. 2:13-CV-204- JRG-RSP |
| | § | |
| | § | |
| | § | |

## MEMORANDUM ORDER

Currently before the Court are the Motions in Limine filed by Plaintiff on January 10, 2014 (Dkt. No. 36) and by Defendant on January 9, 2014 (Dkt. No. 34), both of which were heard at the Pretrial Conference held on January 23, 2014. For the reasons assigned on the record at the Pretrial Conference, and those further set out below, the motions are both GRANTED IN PART AND DENIED IN PART as follows.

*Plaintiff's motion*:

The parties have agreed to Nos. 1 and 3, with the stipulation that they apply to both sides, and to Nos. 12 – 14 as to any extraneous bad act that does not involve Danlin Industries.

The Court hereby grants No. 2 and directs that no comment be made on the nature of the clients and type of practice engaged in by the opposing counsel.

No. 4 is denied as overbroad.

No. 5 is granted.

No. 6 is granted and Defendant shall not refer to Plaintiff's termination in 2012, which would inject jury confusion and likely prejudice far outweighing any slight probative value.

No. 7 is granted and Defendant shall not refer to the reasons for Plaintiff's termination.

1

Defendant seeks, in Paragraph 15 of its Amended Answer (Dkt. No. 15) an offset against Plaintiff's claim for underpayment of his 2009/10 bonus, "for any salary paid to Plaintiff during any period of time in which Plaintiff engaged in competing or conflicting business(es)." This is apparently related to the grounds for his termination in 2012. Plaintiff has offered no legal theory under which its damages for its employee's breach of the duty of good faith would be equal to the salary paid to the employee for the work performed during the period of the breach. Thus, Defendant will not be permitted to argue to the jury that it is entitled to an offset in that amount, and any reference to the 2012 termination is irrelevant and would cause unfair prejudice.

No. 8 is granted for the reasons set forth above. It is noted that Defendant has not filed a counterclaim for breach of the duty of good faith.

No. 9 is granted excluding reference to complaints outside the time period for which Plaintiff is seeking damages.

No. 10 is granted regarding statements made during the termination.

No. 11 is granted as agreed regarding post-termination conduct.

No. 15 is denied.

*Defendant's motion*:

The motion is granted as agreed as to Nos. 1 – 10, 12 – 13, and 15, with the stipulation that they will be mutual.

No. 11 is granted as to the personal wealth of any witnesses, but denied as to the ownership interest they may possess in any entity involved in the case. It is also granted as to the value of Danlin and the amount for which it was sold, but Plaintiff may inquire as to the quarterly profits at issue.

No. 14 is granted, specifically as to James Bracken's Pay Day Act claim.

No. 16 – 17 are denied.

**IT IS SO ORDERED.**

**SIGNED this 30th day of January, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE